Filed 5/6/15  P. v. Holt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075904 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F05074) |
| v. | |
| MARVIN HOLT, | |
| Defendant and Appellant. | |

A jury found defendant Marvin Holt guilty of two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition.

On appeal, defendant raises the following three contentions:  (1) his trial counsel was ineffective for failing to object to the alleged lay opinion testimony of one of the officers; (2) the prosecutor committed misconduct in closing argument, and to the extent this argument is not preserved, it was either futile to object or trial counsel was ineffective; and (3) the cumulative prejudice violated his due process right to a fair trial. Disagreeing, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Sacramento Police Officers Andrew Toy and Chris Baptista were following up on information that defendant, a felon, was staying at a specific house in Sacramento. Defendant was outside with a woman named Whendi and another man named Ryan.

Ryan consented to the police searching the house. In the southeast bedroom, Officer Toy found prescription bottles with defendant's name, including one that contained a 600-milligram Ibuprofen blister pack on the headboard of the bed. Also on the headboard he found a case of .22-caliber live ammunition. The officer saw a backpack leaning against the bed that contained a loaded .22-caliber Ruger revolver wrapped in a green towel and another 600-milligram Ibuprofen blister pack that was similar to the one found on the headboard. Inside the closet of that bedroom he found mail with defendant's name and a bolt-action Springfield rifle.

Based on the fact defendant's medication was in the room, Officer Toy determined defendant was staying in that room. And based on "the fact that the medication that was the blister packs and the pill bottles belonging to [defendant] matched . . . the prescription medication found in the backpack, we also believe that [defendant] had control and custody of that backpack." "And so [defendant was] arrested then for possession of the firearms and ammunition."

Defendant, Ryan, and Whendi were all placed together in a police car. An in-car camera recorded their conversation. Defendant said to Ryan, "Ryan, make sure you tell them the gun is yours." Ryan responded, "Where?" Defendant said, "It's in the backpack." Later, defendant said to Whendi, "Make sure you tell Ryan to claim the guns. There's a rifle in the closet that's his, and a pistol."

After being confronted with this recording, defendant told Officer Baptista he "might find [defendant's] prints [on the revolver] because [defendant] th[ought] that he did touch the revolver."

2

## DISCUSSION

### I

*Trial Counsel Was Not Ineffective For Failing To Object To Officer Toy's*

*Testimony Because Toy Was Not Offering An Opinion On Defendant's Guilt*

Defendant contends his trial counsel was ineffective in violation of his Sixth Amendment right to counsel for failing to object to Officer Toy's testimony that he "believe[d] that [defendant] had control and custody of th[e] backpack" that was found in the southeast bedroom.  Defendant argues his trial counsel should have objected to this testimony because it was "improper opinion testimony" that "was tantamount to an opinion that [defendant] was guilty of knowingly possessing the revolver and ammunition inside the backpack as well as possession of the rifle found inside the bedroom closet."

Trial counsel's performance was not deficient because Officer Toy's testimony was not an opinion about defendant's guilt, but rather, provided the reason why defendant was arrested.  (See *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693] [deficient performance is the first prong of an ineffective assistance of counsel claim].)  This interpretation of the record is supported by the trial transcript that reads as follows:

"Q.    [The Prosecutor]:  Officer, based on your search of the room and the investigation that you conducted, what happened next?

"A.    [Officer Toy]:  Well, being that [defendant]'s medication was in the room, we determined that he was staying in that room.  Also, the fact that the medication that was the blister packs and the pill bottles belonging to [defendant] matched the backpack, the prescription medication found in the backpack, we also believe that [defendant] had control and custody of that backpack.

"Q.    [The Prosecutor]:  And so was [defendant] arrested then for possession of the firearms and ammunition?

"A.    [Officer Toy]:  Yes, he was.

" [The Prosecutor]:    Thank you.  No further questions at this time."

Viewed in the light of the prosecutor's questions, Officer Toy was not giving an opinion about defendant's guilt but was testifying as to why he decided to arrest defendant.  Testimony about what led an officer to arrest a defendant is admissible at trial.  (*People v. Marsh* (1962) 58 Cal.2d 732, 738.)  As such, trial counsel was not deficient in failing to object to Officer Toy's testimony.

## II

*Alleged Prosecutorial Misconduct In Closing And Ineffective Assistance Of Counsel*

Defendant contends the prosecutor committed misconduct four times in closing argument by misstating the law and facts, violating his federal right to due process of law.  To the extent these contentions were not preserved on appeal because trial counsel failed to object to all of the alleged misconduct, defendant argues alternatively futility in objecting or ineffective assistance.

## A

*Prosecutor's Argument That Defendant Admitted He Touched*

*And Held The Revolver Meant He Admitted To Possessing It*

In two alleged instances of prosecutorial misconduct, defendant challenges the following statements that the prosecutor made in rebuttal closing argument, claiming they were both incorrect statements of law and evidence:

"When [defendant] told that officer that he actually touched the revolver, all this goes completely out the window.  Okay?  Because that's what we call actual possession.  And with actual possession, that whole right to touch it, right to control it, all that stuff doesn't matter anymore.

"When you actually possess it, that -- understand that we commonly use it in everyday language about possessing something, that you hold it in your hand.  In the law, we call that actual possession.

4

"Then all of this stuff about the right to possess doesn't even matter anymore because you are actually possessing it.

"So [defendant] already told you that he's guilty of Count One [possession of the loaded Ruger .22-caliber revolver] all by himself.  I held that revolver in my hand.  I actually possessed that revolver.  He knew he was possessing it because it was in his hand, and he had told the cop that he possessed it."

Defendant contends this was an incorrect statement of law because touching does not prove legal possession and it was an incorrect statement of evidence because defendant said only "you might find his prints [on the revolver] because he thinks that he did touch the revolver."

There was no objection to this argument, although just before this argument, trial counsel had objected as "[i]mproper argument" the prosecutor's argument that "when she [trial counsel] stands here and tells you access does not mean possession, that is a complete misstatement of the law."  In response, the court told the jury the following:  "I will tell you the same thing I said when defense counsel is making the argument, this is the instruction you heard.  [¶]  You will make your determination.  They have to prove the defendant had control over or the right to control the item.  That's what possession is defined as."

To circumvent the lack of objection, defendant on appeal claims futility in objecting, noting that shortly before this exchange, when defense counsel objected to another statement as "[m]isstatement of the law," the court instructed the jury as follows: "I feel like a broken record.  Nothing the attorneys told you is evidence.  If your recollection is different than what you are being told, you are to rely on your recollection. What the attorneys say doesn't provide you any evidence."

There was no futility to objecting because, although the court noted it "fe[lt] like a broken record," it still instructed the jury that arguments of counsel were not evidence.

There is no reason the court would not have given a similar instruction had defense counsel objected.

There was also no ineffective assistance of counsel in failing to object. As to failing to object to the prosecutor's arguments that touching equates to legal possession and that defendant held the revolver, defense counsel reasonably could have chosen to let the comments lie and not reinforce them because she had already sufficiently addressed them in her closing argument. Specifically, defense counsel argued in closing:

"And if I touch it, does that mean I possess it? No. Because he [i.e., another person beside defendant who actually had possession] had not relinquished the right to control. Okay? [¶] What did [defendant] say? He said, I may have touched it. There may be prints. Okay. [¶] There is nothing to suggest that he picked it up, carried it around, nothing like that. There is a paucity of evidence with regard to that specific aspect. He didn't say I picked it up. I cradled it. I fired it. No, he said he may have touched it."

Because counsel's decision was a reasonable, tactical one, her performance was not ineffective. (See *People v. Frierson* (1979) 25 Cal.3d 142, 158 [a reasonable tactical decision does not constitute ineffective assistance of counsel].)

B

*Prosecutor's Argument That Access Equals Possession*

In another two alleged instance of misconduct, defendant takes issue with the following two statements that the prosecutor made in closing argument, arguing that the prosecutor misstated the law, claiming access equals possession:

One, "[My] [d]ad tosses me the keys. He says, if you guys [i.e., the prosecutor, his brother, the brother's wife, his fiancee] need to go anywhere, take my car or move it out of the way so you can take your brother's car. [¶] All right. At that very moment, who possess[es] my dad's car? I do, my brother does, my brother's wife does, my fiancee does, my dad does, and my mom does. [¶] Why? Because any one of us can

6

take those keys and move that car.  We all have the right to access and control the vehicle.  We all have possession of it."

There was no misconduct here because this argument was part of the broader argument that defendant may have constructively possessed the loaded Ruger .22-caliber revolver in count one.  In that regard, the prosecutor had also argued, "You don't actually have to be touching something to possess it.  In fact, that's why two or more people can possess something at the same time.  [¶]  All that is required, and this is what it says.  A person does not actually have to hold somebody [*sic*] to possess it.  It is enough if the person has control over it or the right to control it, either personally or even through another person."  Consistent with this argument, the jury was instructed that, "[t]wo or more people may possess something at the same time.  A person . . . does not have to actually hold or touch something to possess it.  It is enough if the person has control over it or the right to control it, either personally or through another person."

Two, defendant takes issue with the prosecutor's statement in rebuttal as follows: "I challenge you to read through this instruction and every other one until -- find where it says that access does not equal possession."  Defendant argues this statement was "inappropriate burden shifting."  Not so.  The prosecutor was simply responding to trial counsel's argument in which trial counsel referred to the instructions and said, "access in and of itself does not constitute possession."  "You can look at the law and see if what I am saying is correct.  [¶]  But I'm telling you, just because someone has access doesn't necessarily mean that that person has possession."  The prosecutor was also reinforcing the argument that defendant's access to the firearms in the bedroom and his backpack supported the finding that he had constructive possession of the firearms.

C

*Prosecutor's Argument Allegedly Shifting The Burden Of Proof*

Defendant takes issue with the following argument from the prosecutor in rebuttal (to which trial counsel did not object) that defendant claims "suggested the defense had a

7

burden to establish reasonable doubt -- that reasonable doubt needed to be supported by reasonable evidence." The prosecutor's argument was as follows: "And so when you consider the evidence in this case, and you consider whether or not you have a doubt and if that equates to a reasonable doubt, *you've got to look at the evidence that supports that doubt*. Because if that evidence isn't reasonable, it's not supported, then the doubt isn't reasonable. It's a possible doubt. It's an imaginary doubt. It's exactly what the law tells you is not the type of doubt that should stop you from believing that the charge has been proven. Okay." (Italics added.)

Trial counsel was not ineffective for failing to object. Although this argument could reasonably be viewed as "claiming there must be some affirmative evidence demonstrating a reasonable doubt," which is an incorrect statement of the law (*People v. Hill* (1998) 17 Cal.4th 800, 831), trial counsel could have had a reasonable, tactical basis for not objecting.

The trial court had already instructed the jury as follows: "A defendant in a criminal case is presumed to be innocent. This presumption requires the People prove the defendant guilty beyond a reasonable doubt. . . . [¶] . . . The evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt." The trial court had also previously instructed the jury as follows: "If you believe the attorneys' comments on the law conflict with my instructions, you must follow my instructions."

Trial counsel could have decided not to draw attention to the prosecutor's argument by objecting and instead rely on the correct instructions the court already gave. Because counsel's decision was a reasonable, tactical one, her performance was not ineffective. (*People v. Frierson*, *supra*, 25 Cal.3d at p. 158.)

### III

*There Was No Cumulative Prejudice*

Defendant contends the cumulative effect of Officer Toy's alleged erroneous lay opinion testimony and the prosecutor's misstatements of law and fact deprived him of his due process right to a fair trial.  But we have found Officer Toy's testimony was not objectionable and to the extent the prosecutor made some misstatements of law and fact, trial counsel either highlighted the correct evidence for the jury and/or the court correctly instructed the jury.  Thus, defendant was not deprived of his due process right to a fair trial.  (See *People v. Mickey* (1991) 54 Cal.3d 612, 689, fn. 17 ["The crucial assumption underlying our constitutional system of trial by jury is that jurors generally understand and faithfully follow instructions"].)

### DISPOSITION

The judgment is affirmed.

                                           _____ROBIE_____, J.

We concur:

_____RAYE_____, P. J.

_____BLEASE_____, J.